

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

MAY 1 2 2011

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

NARDELL ULYSSES CARTER,

             Petitioner,

   vs.

LEE BACA, SHERIFF,

             Respondent.

) Case No. CV 11-3572-RSWL (RNB)
)
)
) ORDER RE SUMMARY DISMISSAL
) OF ACTION WITHOUT PREJUDICE
)
)
)
)
)

On April 26, 2011, petitioner (who currently is incarcerated at California Correctional Training Facility in Soledad) filed a Petition for Writ of Habeas Corpus ("Pet.") herein. The Petition is directed to a 2010 conviction sustained by petitioner in Los Angeles County Superior Court. The sole claim alleged by petitioner is that the trial court erred in using prior convictions to enhance petitioner's sentence.

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. See Rose v. Lundy, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 179 (1982). The habeas statute now explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that-- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." See 28 U.S.C. § 2254(b)(1). Moreover, if the exhaustion requirement is

1

to be waived, it must be waived expressly by the State, through counsel. See 28 U.S.C. § 2254(b)(3). A federal court may raise the failure to exhaust issue <u>sua sponte</u> and may summarily dismiss on that ground. See <u>Stone v. San Francisco</u>, 968 F.2d 850, 856 (9th Cir. 1992), <u>cert. denied</u>, 506 U.S. 1081 (1993); <u>Cartwright v. Cupp</u>, 650 F.2d 1103, 1104 (9th Cir. 1982) (per curiam), <u>cert. denied</u>, 455 U.S. 1023 (1982); <u>see also Granberry v. Greer</u>, 481 U.S. 129, 134-35, 107 S. Ct. 1671, 95 L. Ed. 2d 119 (1987).

Exhaustion ordinarily requires that the prisoner's contentions be fairly presented to the state courts, and be disposed of on the merits by the highest court of the state. See <u>Carothers v. Rhay</u>, 594 F.2d 225, 228 (9th Cir. 1979). However, under the Ninth Circuit's holding and reasoning in <u>Sherwood v. Tompkins</u>, 716 F.2d 632 (9th Cir. 1983), the federal exhaustion requirement also is not satisfied if the petitioner has post-conviction proceedings pending in state court.

In <u>Sherwood</u>, the petitioner was seeking habeas relief on the ground that he had been denied his right to appointed counsel and free transcripts. Although the petitioner's state appeal from his conviction still was pending, the petitioner (like petitioner here) arguably had exhausted his state remedies with respect to the particular claim being raised in his federal habeas petition. The Ninth Circuit held that the federal habeas petition nevertheless had to be dismissed for failure to exhaust state remedies:

> "[E]ven were Sherwood to have exhausted all his state remedies with respect to the denial of his appointed counsel and free transcript request, that would not be enough to satisfy the requirements of 28 U.S.C. §§ 2254(b) and (c). When, as in the present case, an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts.

"As we explained in <u>Davidson v. Klinger</u>, 411 F.2d 746, 747 (9th Cir. 1969), even if the federal constitutional question raised by the habeas corpus petitioner cannot be resolved in a pending state appeal, that appeal may result in the reversal of the petitioner's conviction on some other ground, thereby mooting the federal question." <u>Sherwood</u>, 716 F.2d at 634 (footnote and remaining citations omitted).

<u>Sherwood</u> is still good law in the Ninth Circuit. <u>See, e.g.</u>, <u>Deere v. Superior Court of Cal.</u>, 330 Fed. App'x 693, 694 (9th Cir. 2009) (now citable for its persuasive value per Ninth Circuit Rule 36-3) (citing <u>Sherwood</u> for the proposition that "a federal habeas petition is premature when the petitioner's direct criminal appeal is pending in state court"); <u>Henderson v. Cavazos</u>, 2010 WL 333234, *1-*2 (C.D. Cal. Jan. 31, 2011); <u>O'Shell v. Mayberg</u>, 2009 WL 3061982, *4 (S.D. Cal. Sept. 24, 2009).

Here, it appears from the face of the Petition (<u>see</u> ¶ 3) and the California Appellate Courts website confirms that petitioner's direct appeal from the judgment of conviction remains pending. Thus, <u>Sherwood</u> compels dismissal of this action even though it also appears from the face of the Petition that petitioner has exhausted his state remedies with respect to his sentencing error claim.

IT THEREFORE IS ORDERED that this action be summarily dismissed without prejudice for failure to exhaust state remedies, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: May 9, 2011

RONALD S.W. LEW
_____
RONALD S.W. LEW
SENIOR U.S. DISTRICT JUDGE

Presented by:

_Robert N. Block_
_____
Robert N. Block
United States Magistrate Judge